IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE DEPARTMENT OF NATURAL RESOURCES & ENVIRONMENTAL CONTROL, | : | C.A. No. S18M-06-002 RFS |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOUNTAIRE FARMS OF DELAWARE, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING LEAVE TO APPEAL

## FROM INTERLOCUTORY ORDER

AND NOW, the State of Delaware Department of Natural Resources and Environmental Control ("DNREC") having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court dated March 29, 2019,[1] and this Court having considered that application, opposition thereto, and the record in this case, it appears to the Court that:

---

[1] *Department of Natural Resources & Environmental Control v. Mountaire Farms of Delaware, Inc.*, 2019 WL 1430620 (Del. Super. Mar. 29, 2019).

1

1) This is an action which DNREC filed against Mountaire Farms of Delaware, Inc. ("Mountaire") alleging various violations of statutes, regulations and permits in connection with the poultry plant Mountaire operates in Millsboro, Delaware. The complaint invokes issues raised by violations of the Resource Conservation and Recovery Act ("RCRA") and the Clean Water Act ("CWA"). At the same time as it filed the action, DNREC submitted for the Court's approval a Consent Decree it had entered into with Mountaire that resolves various issues the complaint raises. Two groups moved to intervene in this action: one consisting of Gary Cuppels, Anna-Marie Cuppels, and other unnamed property owners ("the Cuppels") and the other including Joseph Balback, Joan Balback, a non-profit and other community members and property owners in the vicinity of the poultry plant at issue ("the Balbacks"). On the same date DNREC filed this state action, it filed an enforcement action against Mountaire in the United States District Court in and for the District of Delaware ("District Court"), alleging violations of RCRA and CWA.[2] Before DNREC filed these suits, the Cuppels and the Balbacks filed federal notices of intent to sue for RCRA violations.

2) The Court did not grant or deny the Cuppels and Balbacks' motions to intervene. Instead, its review of the motions to intervene led it to conclude that a

_____

[2]The Cuppels have been allowed to intervene in the District Court suit.

2

stay of this action was appropriate for the following reasons. Although the Consent Decree provided for Mountaire to upgrade its water treatment facility and provide a water system to nearby landowners, provisions of that Consent Decree were problematical. In particular, this Court determined that one provision could be found to relieve Mountaire of liability under RCRA and CWA and ultimately, render the District Court case moot. This Court explained it would not rubber stamp the Consent Decree. The Court stayed this action in favor of the District Court action proceeding first in order to promote justice by allowing the potential intervenors to be heard on their claims and to promote judicial economy. With regards to the judicial economy element, the Court concluded a failure to enter the stay would increase the amount of litigation in these cases and would complicate proceedings in both this Court and the District Court. The Court determined that the consequences from granting the stay would overbalance the potential delay in Mountaire's upgrading the water treatment facility and providing a water system to nearby landowners.

3) "Interlocutory appeals should be exceptional, not routine."[3] The Court may certify an interlocutory appeal under Rule 42 only when the order to be

---

[3]Del. Supr. Ct. R. 42(b)(ii).

certified decides "a substantial issue of material importance."[4] The additional factors the Court considers are:

>    (A) The interlocutory order involves a question of law resolved for the first time in this State;
>    (B) The decisions of the trial courts are conflicting upon the question of law;
>    ( C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>    (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
>    (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
>    (F) The interlocutory order has vacated or opened a judgment of the trial court;
>    (G) Review of the interlocutory order may terminate the litigation; or
>    (H) Review of the interlocutory order may serve considerations of justice.[5]

The Court also considers "its own assessment of the most efficient and just schedule to resolve the case," and identifies "whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review

---

[4]Del. Supr. Ct. R. 42(b)(i).

[5]Del. Supr. Ct. R. 41(b)(iii).

4

is in the interests of justice."[6]

4) As the Superior Court noted in *Lima Delta Company v. Global Aerospace, Inc.:*[7]

> "[The] Supreme Court generally does not accept interlocutory appeals relating to motions to stay because motions to stay usually do not address the substantive merits of the parties' underlying claims, which is the central focus of the Rule 42 analysis." FN 21
>
> > FN 21 *MICH II Holdings LLC v. Schron,* 2012 WL 3224351, at * 6 (Del. Ch. 2012).

5) The Court's discretionary decision granting the stay in this action addressed a procedural issue; the Court did not decide a substantial issue of material importance and thus, the application must be denied for not meeting this requirement of Supr. Ct. R. 42(b)(i). Furthermore, none of the eight factors set forth in Rule 42(b)(iii)(A)-(H) are implicated. Certification will not promote the most efficient and just schedule to resolve this case. Finally, the likely benefits of interlocutory review will not outweigh the probable costs so that interlocutory review is not in the interest of justice.

6) For the foregoing reasons, the Court concludes that DNREC has failed to meet the strict standards for certification under Supreme Court Rule 42.

---

[6] *Id.*

[7] 2016 WL 3659859 (Del. Super. March 17, 2016) (ORDER), *interloc. app. den.,* 135 A.3d 311, 2016 WL 1436582 (Del. Apr. 5, 2016) (TABLE).

NOW, THEREFORE, IT IS HEREBY ORDERED that DNREC's Motion

for Certification of Interlocutory Appeal of the Court's March 29, 2019 order is

DENIED this ____30th____ day of April, 2019.

_____
JUDGE

cc: Prothonotary's Office
    Counsel of Record